## MARY CHANEY ET AL. V. THE STATE OF TEXAS.

### No. 685.

**State School Land Purchase—Application of Payments as Interest.**

A purchaser of State lands under the act of April 6, 1881, made several annual payments of interest in full thereon, but failing afterwards to keep the interest paid up, the State brought suit for the land. Defendant contended that section 8 of said Act required him to pay annual interest only on the one-twentieth of the unpaid principal due annually, and not on the entire unpaid principal, and if the interest payments he had made were so applied, he was not in default. Held, that even if such contention should be correct, which is not decided, yet as the payments had been paid as interest on the entire principal, and accepted as such by the State, they would be so applied.

APPEAL from Uvalde. Tried below before Hon. EUGENE ARCHER.

*Ellis & Martin,* for appellants.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—The suit was filed October 19, 1894. The only facts in the record are given in the judge's conclusion as follows:

1.   The two tracts of land in question were bought under the act approved April 6, 1881, and were purchased by W. T. Chaney in September, 1881.

2.   That the defendants are the only heirs of the purchaser, W. T. Chaney, and are in possession of the land.

3.   That the first payment of one-twentieth, amounting to $32, was paid on each tract.

4.   That the interest due on each tract up to January 1, 1882, amounting to $14.19, was paid.

5.   That all the interest due on the entire purchase money on each tract has been paid up to January 1, 1887.

6.   The following are all the payments that have been made on each tract:

|  |  |
|---|---|
| March 9, '82 | $14.19 |
| June 6, '83 | 48.64 |
| Feb. 25, '84.. ? | 48.64 |
| July 22, '85 | 48.64 |
| July 21, '86 | 48.64 |
| Aug. 29, '87 | 48.64 |

*Opinion.*—The petition was by the State of Texas against the heirs of W. T. Chaney for the two surveys, in the ordinary form of trespass to try title. A general demurrer, which does not appear to have been insisted on, and the general issue and plea of not guilty, were the defenses made. The appeal is from a judgment in favor of plaintiff for recovery of the land, with writ of possession. The particular clause of the act of April 6, 1881, on which the rights of the parties depend is section 8, which provides that the purchaser shall execute an obligation for all but the one-twentieth cash payment, agreeing to pay on the first day of January of each year one-twentieth of the amount of the obligation, with eight per cent interest on such amount of the principal as may be due at the date of each payment, and also provides that the purchaser may have the pivilege of paying the entire amount of the appraised value of the land at the date of the purchase, or such amount of principal and interest as may be due at any time subsequent to the execution of his obligation or promissory note, provided that any payment of principal may be deferred for one or more years except the first one-twentieth, but all payments of both principal and interest must be paid inside of twenty years, and all interest must be paid annually on or before the first day of March of each year.

Appellants' contention is that the purchaser is not obligated under said provisions to pay any part of the principal annually, nor in any year any of the interest except that which has accrued in the particular one-twentieth of the principal referred to in the obligation as payable in that year.

We do not feel required upon this record to construe the act as to

whether the interest was payable annually on all the unpaid principal or only on one-twentieth thereof, for it is clear upon the face of the act that the purchaser had the privilege of paying any part of the principal or interest at any time, and the fact is disclosed that the amounts paid were paid as interest on the entire principal up to January 1, 1887. If, as appellants contend, they were not obligated to pay interest except on one-twentieth of the principal from year to year, and the payments that had been made were thus applied, a computation shows that they were not in default. But if, as the record shows, the payments were made as interest on the entire principal, and accepted as such by the State, and this the record implies, then, since January 1, 1887, defendants have been in default even for the amount they concede they were liable to pay annually after that date.

The defendants rest their defense on the fact that there then had been no default in the interest, and do not otherwise complain of the judgment.                                                     *Affirmed.*

Delivered October 16, 1895.

### ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—The expression in our opinion that the record implies that the payments made were for interest on the entire principal may be misleading. We should have said that this fact clearly appears. The judge found that all the interest due on the entire purchase money on each tract was paid to January 1, 1887, and proceeds to specify the several annual payments which were each for precisely the amount requisite to pay the current interest on the entire principal. This state of the evidence does not leave any room for a different appropriation of the payments.

The motion is overruled.

                                                          *Overruled.*

Delivered November 20, 1895.